UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID J. MEISTER,

                                                **REPORT AND RECOMMENDATION**

                Petitioner,                No. 06-CV-0090

    -vs-

NEW YORK STATE ATTORNEY GENERAL,

                Respondent.
_____

**I.     Introduction**

       Petitioner David J. Meister ("Meister") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in North Tonawanda City Court on August 12, 2004, on one count of criminal trespass in the third degree (N.Y. Penal Law § 140.10(b)), a misdemeanor. Meister was sentenced on September 30, 2004, to a conditional discharge pursuant to N.Y. Penal Law § 65.10, which was ordered to expire on February 10, 2006. On appeal to Niagara County Court, Meister's conviction for criminal trespass was reduced to a conviction for trespass (N.Y. Penal Law § 140.05), considered a "violation" under New York law.

**II.    Respondent's Motion to Dismiss the Petition**

       On February 7, 2006, Meister signed the instant habeas petition (Docket No. 1); it was filed in this Court on February 9, 2006.  Respondent has filed a motion to dismiss the petition on the basis that "Petitioner is not incarcerated, never was, and the term of his conditional discharged expired on February 10, 2006." Affidavit of Thomas Brandt ("Brandt Aff.") ¶6

(Docket No. 7). Respondent asserts that under 28 U.S.C. § 2254, only a prisoner "in custody" may challenge his conviction by means of federal habeas, and argues that because Meister's sentence has expired, he can no longer attack his conviction pursuant to § 2254. Brandt Aff. ¶7 (citing *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (Docket No. 7). In response, Meister asserts that he "was in fact '<u>wrongfully</u>' '<u>incarcerated</u>' by the, No. Ton. Police Dept. on '3 <u>three</u>' <u>separate</u> instances, and '<u>did</u>' in fact occupy the very '<u>same</u>' jail cell on 'all' three, ('<u>wrongful</u> <u>incarcerations</u>'.)." Petitioner's Response to Respondent's Motion to Dismiss ("Pet'r Resp.") at 5 (Docket No. 9) (emphases in original). Meister lists three dates, two of which were before his conviction, and one which was after his sentence (June 20, 2005). *See id.* at 4 (Docket No. 9). Meister also alleges that he was "subject to, the '<u>terms</u>' of applicable protection orders, adult probation . . . ." *Id.* at 6 (Docket No. 9) (emphases in original).

### A. "In Custody" Requirement of the Federal Habeas Statute

A petitioner may file a petition for habeas relief only if he is "in custody." *Wheel v. Robinson*, 34 F.3d 60, 63 (2d Cir. 1994) (citing 28 U.S.C. § 2254(a)). Custody is determined from the date that a habeas petition is first filed. *Carafas v. LaVallee*, 391 U.S. 234, 238-40 (1968); *accord Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("The District Court's conclusion that Spencer's release from prison caused his petition to be moot because it no longer satisfied the "in custody" requirement of the habeas statute was in error. Spencer was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the "in custody" provision of 28 U.S.C. § 2254 requires."). The "in custody" provision does not require incarceration or other actual, physical restraint of a person. *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984) (citing *Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963) (parolee is in custody); *Helm v. Jago*, 588

F.2d 1180, 1181 (6th Cir. 1979) (probationer is in custody); *United States v. Hopkins*, 517 F.2d 420, 423-24 (3d Cir. 1975) (person serving suspended sentence is in custody); *see also Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (finding custody requirement met where terms of personal recognizance required petitioner to appear at times and places as ordered by any court or magistrate; petitioner could not "come and go as he please[d]" and was subject to restraints "'not shared by the public generally'") (quoting *Jones*, 371 U.S. at 240)). It is necessary, however, for the petitioner to be subjected to "'"restraints not shared by the public generally,"'" *Tinder*, 725 F.2d at 803 (quoting *Jones v. Cunningham*, 371 U.S. at 240), in order to be deemed "in custody," *id.* At the least, the state must exercise "some type of continuing governmental supervision over the person." *Id.* (citing *Spring v. Caldwell*, 692 F.2d 994, 997-98 (5th Cir. 1982)). "Probationers and parolees have been found to be under governmental supervision because parolees are generally released to the custody of the parole authorities and probationers are generally placed in the custody of probation officers." *Id.*

Meister filed his habeas petition before the expiration on February 10, 2006, of his sentence of a "conditional discharge" under N.Y. Penal Law § 65.05. The issue is whether Meister can be "in custody" under a sentence of a "conditional discharge" imposed pursuant to N.Y. Penal Law § 65.05 for purposes of 28 U.S.C. § 2254. Section 65.05 provides that "when the court imposes a sentence of *conditional discharge* the defendant shall be released with respect to the conviction for which the sentence is imposed *without imprisonment or probation supervision* but subject, during the period of conditional discharge, to such conditions as the court may determine" as specified in N.Y. Penal Law § 65.10. N.Y. Penal Law § 65.05 (emphases supplied). Thus, Meister's original sentence could *not* have included a term of incarceration or

supervised probation.[1] *Tinder*, 725 F.2d at 804 (citations omitted). Section 65.05 states that the ". . . court may modify or enlarge the conditions or, if the defendant commits an additional offense or violates a condition, *revoke the sentence at any time prior to the expiration or termination of the period of conditional discharge*." N.Y. Penal Law § 65.05(2) (emphasis supplied). The Second Circuit has explained that "while [N.Y. Penal Law] § 65.05 does not require 'active supervision,' it has a 'supervisory component' insofar as the sentencing court can revoke or modify the sentence if the defendant violates a condition." *United States v. Ramirez*, 421 F.3d 159, 164 (2d Cir. 2005) (discussing § 65.05 in the context of determining whether § 4A1.1(d) of the Federal Sentencing Guidelines includes a sentence of conditional discharge under N.Y. Penal Law § 65.05) (citing *United States v. Labella-Szuba*, 92 F.3d 136, 138 (2d Cir. 1996) ("Although defendant's sentence did not include active supervision, her sentence did include a supervisory component in that the Herkimer Village Court retained the power to revoke her conditional discharge sentence."; finding that a sentence of "conditional discharge" was a "criminal justice sentence"); *United States v. Miller*, 56 F.3d 719, 722 (6th Cir. 1995); *United States v. Lloyd*, 43 F.3d 1183, 1188 (8th Cir. 1994) (holding "the nature of a sentence of 'conditional discharge' to be the functional equivalent of 'unsupervised probation'"); *United States v. Caputo*, 978 F.2d 972, 977 (7th Cir. 1992) (stating that "unsupervised probation equals conditional discharge")).

Respondent avers in his motion to dismiss that Meister never actually was incarcerated

---

[1] With respect to the possibility of a fine under a sentence of conditional discharge, under Section 65.10 of the Penal Law, a court imposing a sentence of "conditional discharge" "shall . . . *consider* restitution or reparation," N.Y. Penal Law § 65.10(2), but is not required to impose it as a condition, *see id.* Meister does not allege that he was required to pay a fine or other type of monetary penalty. Furthermore, a writ of habeas "is not available as a remedy for fine-only convictions although defendant remains subject to the supervision of the court and failure to pay the fine could result in incarceration."Tinder, 725 F.2d at 804 (citations omitted).

pursuant to his sentence of conditional discharge, and Meister has not come forward with any contrary proof that he was imprisoned. However, during the term of Meister's conditional discharge sentence, it appears that there was a possibility–though remote–of incarceration under § 65.05: I f Meister had violated the conditions of the conditional discharge, the court could have revoked the conditional discharge sentence (which does not allow for imprisonment) and imposed a new sentence involving incarceration. The most that Meister could have been imprisoned for was, however, fifteen (15) days, since his conviction was reduced on appeal to merely a "violation" under New York law. *See* N.Y. Penal Law § 10.00(3) (defining a "violation" as "an offense, other than a 'traffic infraction,' for which a sentence to term of imprisonment in excess of fifteen days cannot be imposed").

    Regrettably, there does not appear to be any clear precedent in the Second Circuit or other federal courts regarding whether a sentence of "conditional discharge" is sufficient to satisfy the "in custody" requirement for habeas jurisdiction.[2]  Given that the Second Circuit has held that a sentence of "conditional discharge" is the functional equivalent of "unsupervised probation,"[3] and that there was a possibility of imprisonment, albeit not lengthy, the Court would be inclined to conclude that Meister has satisfied the "in custody" requirement because it appears that the

---

[2]    The Court notes that in *Ginsburg v. Adams*, the Second Circuit held that the petitioner, who had been convicted of perjury before a grand jury and sentenced to an "*unconditional* discharge" was not a prisoner "in custody" because a disposition of unconditional discharge "entails neither imprisonment, fine, nor probation supervision." 702 F.2d 48, 49 (2d Cir. 1983) (citing New York Penal Law § 65.20; *Fleming v. Abrams*, 522 F. Supp. 1203 (S.D.N.Y.1981), *aff'd*, 697 F.2d 290 (2d Cir. 1982); *Ostrer v. Aronwald*, 434 F. Supp. 396, 398-99 (S.D.N.Y.), *aff'd*, 567 F.2d 551 (2d Cir. 1977)).

[3]    "Supervised probation" has been held to confer "in custody" status for purposes of the federal habeas statute. *See Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984); *see also United States ex rel. B. v. Shelly*, 430 F.2d 215, 217-18 n. 3 (2d Cir.1970) (holding that probation, like parole, constitutes "custody" for habeas purposes). As noted, the Second Circuit has held that "conditional discharge" is equivalent to "unsupervised probation." *E.g.*, *United States v. Ramirez*, *supra*. The Second Circuit also has stated that a sentence of "conditional discharge" has a "supervisory component." *Id.*

state exercises continuing supervision over him and he therefore was subject to restraints "'not shared by the public generally,'" *Hensley*, 411 U.S. at 351 (quoting *Jones*, 371 U.S. at 240) (quoted in *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 894 (2d Cir. 1996)). On the other hand, as the Supreme Court has observed, "the [in-]custody requirement is simply designed to limit the availability of habeas review 'to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are *neither severe nor immediate*.'" *Poodry*, 85 F.3d at 894 (quoting *Hensley*, 411 U.S. at 351) (emphasis supplied)). The Court recommends finding that there is no need to decide this issue in the present case because, for the reasons discussed below, the petition has been mooted by the expiration of Meister's sentence of "conditional discharge."

      B.    **Mootness**

Even if the Court were to assume that Meister's sentence satisfied the "in custody" requirement necessary for this court to exercise its jurisdiction under 28 U.S.C. § 2254, his petition must fail because he cannot overcome a finding of mootness. The Supreme Court has observed that "[a]n incarcerated convict's . . . challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the *incarceration* . . . constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The Supreme Court, however, went on to say that after the convict's sentence expires, "some concrete and continuing injury other than the now-ended incarceration [ ]–some 'collateral consequence' of the conviction–must exist if the suit is to be maintained." *Id.* (citing *Carafas v. LaVellee*, 391 U.S. 234, 238 (1968) (holding that a petition for habeas corpus is mooted if the petitioner is released before the court acts, unless there are

sufficient "collateral effects"). In *Carafas*, the defendant was convicted of a felony and suffered collateral consequences–he could not engage in certain businesses; . . . serve as an official of a labor union for a specified period of time; . . . vote in any election held in New York State; . . . . [or] serve as a juror." *Id.* at 237. In *Lane v. Williams*, 455 U.S. 624, 632-33 (1982), the Supreme Court reiterated that the "substantial civil penalties" suffered by the defendant in *Carafas* "were sufficient to ensure that the litigant had 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.'" *Id.* (quoting *Carafas*, 391 U.S. at 237 (quotation omitted).   Unless a conviction entails such legal consequences, a habeas petition becomes moot after the petitioner's sentence is discharged. *See id.*; *accord*, *e.g.*, *Dooling v. Circuit Court of the Fourth Judicial Circuit, Rock Island Co.*, No. 95-2536, 92 F.3d 1, 1996 WL 436502, *1 (7th Cir. Aug 1. 1996) (unpublished opn.) (citing *Wickstrom v. Schardt*, 798 F.2d 268, 270 (7th Cir. 1986) (holding that no "collateral consequences" flowed from petitioner's conviction violating a Wisconsin misdemeanor statute prohibiting a person from "assuming to act as [a] public officer" and therefore petition was moot because he had completed serving his sentence) (citing *Broughton v. North Carolina*, 717 F.2d 147 (4th Cir. 1983) (holding that misdemeanor violation creates no lingering consequences, making released petitioner's habeas petition moot), *cert. denied*, 466 U.S. 940 (1984)).

In *Spencer*, the Supreme Court noted that "in recent decades, it had been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur)." 523 U.S. at 8 (citing *Sibron v. New York*, 392 U.S. 40, 55-56 (1968)). This presumption, however, is a rebuttable one and should be viewed in light of the *Spencer* court's plainly stated

reluctance to find collateral consequences absent a showing of some concrete statutory disability flowing from the conviction being attacked. *Spencer*, 523 U.S. at 10-16

Here, Meister's conviction was not for a felony offense–rather, he was convicted of a misdemeanor (criminal trespass) which was then further reduced on appeal to a mere violation (trespass).  Even if Meister's ordinary trespass conviction could be used to enhance his sentence if he is convicted of another crime in the future, such does not render his habeas petition justiciable. *Spencer*, 523 U.S. at 15.  In *Spencer*, the same proffered collateral consequence was rejected by the Supreme Court because the possibility of a sentence enhancement was something that "was contingent upon [the defendants'] violating the law, being caught and convicted," and the defendants themselves were "able–and indeed required by law– to prevent such a possibility from occurring.'" 523 U.S. at 15 (quoting *Lane*, 455 U.S. at 632, n. 13). Any proposed collateral consequence of a future sentence enhancement Meister may have, by  reason of his trespass conviction, is likewise contingent upon him committing another crime, which he has the sole ability to prevent. *Accord United States v. Hill*, 171 F. Supp.2d 1032, 1038 (D. S.D. 2001) ("At the outset, whether or not Hill's [misdemeanor] contempt conviction could be used to enhance his sentence if he is convicted of another crime in the future does not make Hill's Motion, or the claims he raises therein, justiciable.") (citing *Spencer*, 523 U.S. at 15).

Furthermore, Meister does not identify, and the Court is hard-pressed to see, any specific statutory collateral consequences deriving from his conviction for trespassing that he could be properly remedied by vacating that conviction. *Accord United States v. Hill*, 171 F. Supp.2d at 1038. In *Hill*, the district court dismissed defendant's petition as moot because Hill's conviction for a misdemeanor offense did  "not cause him the kinds of concrete disadvantages or disabilities

that have been recognized as being sufficiently adverse collateral consequences to make his case justiciable, such as depriving him of the right to vote, hold office, serve on a jury or engage in certain businesses." *Id.* (citing *Spencer*, 523 U.S. at 8). In contrast to a felony conviction, the court held in *Hill*, a misdemeanor conviction "carries no collateral legal consequences that he will suffer from or otherwise be exposed to." *Id.* (citing *Broughton v. North Carolina*, 717 F.2d at 149 (misdemeanor contempt conviction creates no lingering consequences making released petitioner's habeas petition moot), *cert. denied*, 466 U.S. 940 (1984); *Puchner v. Kruziki*, 111 F.3d 541, 543-44 (7th Cir.) (contempt order under which petitioner was incarcerated and released did not carry the kinds of collateral consequences that would allow him to escape mootness and obtain habeas relief) *cert. denied*, 522 U.S. 862 (1997)); *and citing for contrary view Dorman v. Brewington-Carr*, No. Civ.A. 98-540-SLR, 2000 WL 52157, *1 (D.Del. Jan. 7, 2000) (assuming, without analysis, that misdemeanor conviction, because it is a conviction, "may" entail collateral consequences; court did not identify any specific consequences)). *See also United States v. Fleming*, 146 F.3d 88, 91 (2d Cir. 1998) ("To meet the burden of demonstrating that he suffers from a continuing legal consequence [for purposes of *coram nobis* relief], a petitioner must at least point to 'a concrete threat that an erroneous conviction's lingering disabilities will cause serious harm. . . . [I]t is not enough to raise purely speculative harms.'"). In this Court's view, Meister's conviction for a "violation"–a less serious offense than a "misdemeanor"–*a fortiori* cannot cause him the kind of civil disabilities identified in *Spencer*. Therefore, the Court recommends finding that any presumption in favor of collateral consequences has been overcome and that Meister's petition is no longer justiciable due to the expiration of his sentence for trespassing, a violation. The Court recommends concluding that Meister's claims, therefore, are

moot and the Court is without jurisdiction to decide them.

Furthermore, the Court believes that this is a case where summary dismissal of the habeas petition is appropriate and that it is not necessary to require respondent to answer. *See Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 45 (2d Cir. 1989) ("[A] petition for a writ of habeas corpus may be summarily dismissed if it fails to state a claim upon which relief may be granted.") (citing Rule 4, Rules Governing Section 2254 Cases; *Colvin v. Estelle*, 506 F.2d 747, 748 (5th Cir. 1975) (*per curiam*); *Muhlenbroich v. Heinze*, 281 F.2d 881, 883 (9th Cir. 1960) (district court may dismiss habeas petition without hearing when, as a matter of law, facts alleged do not constitute grounds for relief), *cert. denied*, 365 U.S. 873 (1961)). In the form petition, Meister has listed one ground for relief: "Wrongful, Arrest and Incarceration by N.T.P.D." Petition at 7 (Docket No. 1). Meister then directs the Court to refer to "(Enclosed 'Briefs')". Meister's petition contains no other factual allegations or elaboration on this ground, which, to the extent it states a violation of petitioner's Fourth Amendment rights, is not cognizable on federal habeas review. *See Stone v. Powell*, 428 U.S. 465, 481-82 (1976).

In any event, the Court has reviewed the documents referred to in the petition–namely, a document docketed as an exhibit to the petition (Docket No. 2), and an untitled and uncaptioned document with the heading "(Enclosed Briefs Establish the 'Grounds' for 'Relief' of the Petitioners [sic]" (Docket No. 3). After scrutinizing them carefully, the Court cannot discern from the vague, disjointed rambling writings in these documents any colorable factual or legal basis for habeas relief. Indeed, both Docket No. 2 and Docket No. 3 are essentially incoherent. Therefore, the Court recommends finding that summary dismissal of the petition is appropriate under the circumstances. *See Dory*, 865 F.2d at 45 (stating that *sua sponte* summary dismissal of

petition for writ of habeas corpus is permitted where allegations are "patently frivolous or false," *Pennsylvania ex rel. Herman v. Claudy*, 350 U.S. 116, 119 (1956), or "vague, conclusory, or palpably incredible," *Machibroda v. United States*, 368 U.S. 487, 495 (1962)").

For all of the foregoing reasons, the Court recommends that respondent's motion to dismiss the petition (Docket Nos. 5, 7) be **GRANTED** with prejudice and that petitioner's petition (Docket No. 1) accordingly be **DISMISSED** with prejudice. Furthermore, the Court finds that petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). Therefore, the Court recommends that no Certificate of Appealability should issue.

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: September 6, 2007
        Buffalo, New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: September 6, 2007
Buffalo, New York.